Chicago, Milwaukee & St. Paul Railway Company, Appellant,
v. Mosquito Drainage District of Harrison County
et al., Appellees.

**DRAINS:** Reassessment to Cover Deficiency in Cost. A stipulated entry
by the court on appeal from a drainage assessment for the original
*estimated* cost, works no effect other than to fix the *basis* upon which
the apportionment of the total cost should be based, and does not
prevent a further assessment to cover a deficiency in the original
estimate of cost. (Sec. 1989-a12, Code Supp., 1913.)

*Appeal from Harrison District Court.*—Earl Peters, Judge.

December 14, 1920.

Action in equity against the board of supervisors, the
county auditor, and the treasurer of Harrison County and the
Mosquito Drainage District, to enjoin the collection of certain
drainage taxes assessed against the defendant. The petition
was dismissed by the court, and plaintiff appeals.—*Affirmed.*

*Hughes, Sutherland, Taylor & O'Brien,* for appellant.

*Roadifer & Roadifer* and *John P. Organ,* for appellees.

Stevens, J.—The original assessment against the defendant
on account of the cost and expense of the establishment and con-
struction of a drainage district and improvement in Harrison
County, known as the Mosquito Drainage District, was $14,000.
Plaintiff appealed from this assessment to the district court,
and moved for the transfer of the cause to the Federal court for
trial. The motion was sustained. Instead of a trial in the
Federal court, a decree was entered by consent of the parties,
reducing the assessment to $10,000. Upon completion of the
improvement, it was found necessary to levy an additional assess-
ment of $13,771.14, which sum included the $4,000 deducted
from the original assessment against the plaintiff to defray the
total cost of the improvement. The board of supervisors there-

upon laid an assessment upon all of the property of the district, including an assessment against plaintiff for the amount named, upon the basis of apportionment of the original assessment. This resulted in an additional assessment against plaintiff of $3,850, bringing its total assessment up to $13,850. The position of counsel is that the decree entered in the Federal court fixed the equitable portion of the full cost of the improvement that should be charged against appellant, and that said decree is conclusive and binding upon the board of supervisors, and that no further assessment for the original cost of the improvement can be legally levied against it upon any theory. On the other hand, counsel for appellee affirm that the decree in the Federal court went no further than to fix an equitable ratio of assessment, and that the sum of $10,000 was the amount properly assessable against appellant, on the basis fixed upon an estimated cost of $40,000.

Section 1989-a18 of the 1913 Supplement to the Code provides:

" * * * The commissioners to assess benefits shall fix and determine the benefits to the property of the railroad company within the levee or drainage district and make return thereof with their regular return. Such special assessment shall be a debt due personally from the railroad company, and unless the same is paid by the railroad company as special assessment, it may be collected in the name of the county in any court having jurisdiction. All other proceedings in relation to railroads shall be the same as provided for individual property owners within the drainage district."

Drainage improvements are established, constructed, and maintained upon the theory that the benefits conferred exceed the cost. The primary purpose thereof is the drainage and improvement of agricultural and other lands, thereby making them tillable or suitable for profitable use. All assessments must be equitably apportioned against the property of the district. In *Chicago & N. W. R. Co. v. Board of Supervisors*, 171 Iowa 741, we said:

"It is not enough to estimate the amount of benefits derived by any particular piece of property, and from that basis alone determine that the figure so found represents the proper tax.

Ordinarily, it is to be expected that the benefits to the property of the district will exceed the tax; otherwise there would be no strong inducement to make the improvement. The true theory of apportionment would require the ascertainment of the full amount of benefit to each and every piece of real property in the district; also the total cost of the improvement. If it be found that the total cost equals the aggregate of all the benefits, then, of course, each piece of property will be taxed the full amount of its benefits; but if the total cost be less than the total benefits, then the tax in each particular case will bear the same proportion to the individual benefits as the total cost bears to the total benefits.''

So far as the record discloses, all parties believed, or assumed, that the expense of the improvement in question would not exceed the estimate of $40,000, and that no further assessment was contemplated, or would be necessary, except the apportionment of the $4,000 deducted from plaintiff's assessment, which the parties agree should be assessed upon the whole district, including the appellant, upon the equitable basis fixed. We find nothing in the statute to sustain the contention that a railroad company may not be assessed for its full pro rata share of the total cost of a drainage improvement, although it becomes necessary, because of error or mistake in the estimated cost of the improvement, to make one or more additional levies.

The sole question here presented is whether the decree of the Federal court conclusively determined and fixed the benefits of the improvement, and limited the amount that might be assessed against appellant to the sum of $10,000. We do not think such was the intention of the parties, or that the provisions of the decree should be so construed. We think it manifest that the decree went no further than to fix the basis upon which the apportionment of the total cost of the improvement should be based. It was not then known that such cost was going to be in excess of the estimate which formed the basis of the agreed adjustment, and the decree must be construed in the light of this fact.

Counsel for appellant concede that the railway company should be assessed with its pro rata share of the $4,000 deducted from the original assessment. If the decree was intended to,

and in fact did, determine the benefits, and strictly limited the amount that might be assessed against the company to $10,000, then it would no more be required to bear, in addition thereto, a share of the $4,000 than it should a pro rata share of whatever additional expense was necessarily incurred in the completion of the improvement. It is our conclusion that the decree of the court below is correct, and it is, therefore,—*Affirmed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.